IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KEN NGUYEN AND ANH THU T PHAM, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No.   5:17-cv-821 |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | |
| AND MATTHEW CARMEN, | § | |
| Defendants. | § | |

---

### INDEX OF MATTERS BEING FILED

---

Liberty Insurance Corporation's Notice of Removal.

    Exhibit A:    Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

    Exhibit B:    A list of counsel of record.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KEN NGUYEN AND ANH THU T PHAM,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Civil Action No.** |
| | § | |
| **LIBERTY INSURANCE CORPORATION** | § | |
| **AND MATTHEW CARMEN,** | § | |
| **Defendants.** | § | |

---

**LIBERTY INSURANCE CORPORATION'S NOTICE OF REMOVAL**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Liberty Insurance Corporation (hereinafter referred to as "Liberty") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.      On July 19, 2017, Plaintiffs Ken Nguyen and Anu Thu T. Pham filed their Original Petition ("Original Petition") styled Cause No. 2017CI13109; *Ken Nguyen and Anu Thu T. Pham v. Liberty Insurance Corporation and Matthew Carmen*, In the 288st District Court, Bexar County, Texas.  Liberty was served with citation on July 27, 2017.

### *Nature of the Suit*

2.      This lawsuit involves a dispute over Liberty's handling of Plaintiffs' insurance claim for damages from a wind/hail storm allegedly sustained by their residential property: 7307 Nancy Lopez Ct, San Antonio, Texas.  Plaintiffs assert causes of action against Liberty for breach of the insurance contract, unfair settlement practices, failure to promptly pay their claim, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code.

Plaintiffs assert causes action against Matthew Carmen for violation of Chapter 541 and 542 of the Texas Insurance Code.

### Basis for Removal

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the parties.   At the time Plaintiffs filed their Original Petition in District Court on July 19, 2017 and as of the date of filing this Notice, Liberty Insurance Corporation was and is a company organized under the laws of the State of Illinois whose principal place of business is in Boston, Massachusetts. Additionally, at the time Plaintiffs filed their Original Petition in District Court on July 13, 2017 and as of the date of filing this Notice, Matthew Carmen was and is a citizen of and domiciled in Florida.[1] Accordingly, at the time Plaintiff initially filed this suit, and through the filing of this Notice, Defendant Liberty and Defendant Matthew Carmen were not citizens of the State of Texas for diversity jurisdiction purposes.   Defendant Carmen consents to this removal.

5.      Upon information and belief, Plaintiffs were citizens of Texas when their Petition was filed, and continue to be citizens of Texas.

6.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[2]   Here, Plaintiffs claim a wind/hail storm caused

---

[1] *See* Exhibit A, Original Petition at page 2.
[2] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of

damages to their property that Plaintiff insured through Liberty.[3]  Plaintiffs seek damages for

Liberty's alleged refusal to fully compensate Plaintiffs under the terms of their insurance

contract.[4]  The Policy at issue is a LibertyGuard® Deluxe Homeowner's Policy with coverage

limits of $197,700.00 for the dwelling, $19,770.00 for other structures on the location, and

$148,280.00 for personal property. Plaintiffs affirmatively pleaded damages in excess of

$100,000.00 but less than $200,000.00 in their Original Petition.[5]

7.     In addition, Plaintiffs seek statutory penalties and treble damages under the Texas

Insurance Code.[6]  Plaintiffs also seek attorney fees for bringing this suit.[7]  Thus, given the Policy

involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it

is more likely than not that the amount in controversy exceeds the federal jurisdictional

minimum of $75,000.00.

8.     Based on the Policy's coverage limits, it would be legally possible for Plaintiff to

obtain a recovery of at least $75,000.

### The Removal is Procedurally Correct

9.     Liberty was first served with the Original Petition in District Court on July 27,

2017.  Therefore, Liberty filed this Notice of Removal within the 30-day time period required by

28 U.S.C. §1446(b).

---

the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought, and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[3] *See* Exhibit A, Original Petition at pages 3–7.
[4] *See id.*
[5] *See* Exhibit A, Original Petition at page 2.
[6] *See* Exhibit A, Original Petition at page 11-13.
[7] *See* Exhibit A, Original Petition at pages 12-13.

12.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

13.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

14.     Pursuant to 28 U.S.C. §1446(d), promptly after Liberty files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse parties.

15.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 288th Judicial District for Bexar County, Texas, promptly after Liberty files this Notice.

WHEREFORE, Liberty Insurance Corporation requests that this action be removed from the 288th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com
*Counsel for Defendant Liberty Insurance Corporation*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **25**th day of **August, 2017**, addressed to those who do not receive notice from the Clerk of the Court.

Andrew A. Woellner
Michael J. Bins
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098

_____
David R. Stephens
Carrie D. Holloway

# Exhibit  A



Records Search Home      Advanced Search      Bexar County

Home  /  Back to Search Results  /  Details

# Case #2017CI13109

History 6

**Name**

KEN NGUYEN

**Date Filed**          **Case Status**          **Litigant Type**          **Court**

07/19/2017          PENDING          PLAINTIFF          288

**Docket Type**

OTHER CIVIL
CASES

**Business Name**

**Style**

KEN NGUYEN ET AL

**Style (2)**

vs LIBERTY INSURANCE CORPORATION ET AL

---

# Case History   Go To Top

*Currently viewing 1 through 6 of 6 records*

Detail Information Lookup

| Sequence | Date Filed | Description |
|----------|-----------|-------------|
| P00004 | 8/18/2017 | ORIGINAL ANSWER OF<br>LIBERTY INSURANCE CORPORATION |
| S00002 | 7/21/2017 | CITATION CERTIFIED MAIL<br>MATTHEW CARMEN<br>ISSUED: 7/21/2017 |
| S00001 | 7/21/2017 | CITATION CERTIFIED MAIL<br>LIBERTY INSURANCE CORPORATION<br>ISSUED: 7/21/2017 RECEIVED: 7/21/2017<br>EXECUTED: 7/27/2017 RETURNED: 7/31/2017 |
| P00003 | 7/19/2017 | JURY FEE PAID |
| P00002 | 7/19/2017 | SERVICE ASSIGNED TO CLERK 2 |
| P00001 | 7/19/2017 | PET FOR HAIL DAMAGE RESIDENTIAL<br>WJD |



Bexar.org | Bexar County County Clerk | Bexar County District Clerk
100 Dolorosa San Antonio, Texas 78205 | 210.335.2011



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |

| | |
|---|---|
| **Entity:** | Liberty Insurance Corporation<br>Entity ID Number  2538339 |
| **Entity Served:** | Liberty Insurance Corporation |
| **Title of Action:** | Ken Nguyen vs. Liberty Insurance Corporation |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2017CI13109 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/27/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Andrew A. Woellner<br>713-963-8881 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CERTIFIED MAIL #70160600000042385077

Case Number: 2017-CI-13109

2017CI13109  S00001

**KEN NGUYEN ET AL**

vs.

**LIBERTY INSURANCE CORPORATION ET AL**

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
288th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**    LIBERTY INSURANCE CORPORATION

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION  was filed on the 19th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 21ST DAY OF July A.D., 2017.

ANDREW A WOELLNER
ATTORNEY FOR PLAINTIFF
3737 BUFFALO SPEEDWAY 1900
HOUSTON, TX 77098



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By : *Lilyana Esquivel,* Deputy

---

KEN NGUYEN ET AL
vs
LIBERTY INSURANCE CORPORATION ET AL

**Officer's Return**

Case Number: 2017-CI-13109
Court:288th Judicial District Court

Came to hand on the 21st day of July 2017, A.D., at 10:23 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20_____, by deilvering to: _____ at 211 E 7TH ST 620 AUSTIN TX 78701 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX
By : *Lilyana Esquivel,* Deputy

ORIGINAL (DK003)

FILED
7/19/2017 11:59 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

2 cit cmf sac2

Cause No. **2017CI13109**

| | | |
|---|---|---|
| KEN NGUYEN AND ANH THU T PHAM | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | BEXAR COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | |
| AND MATTHEW CARMEN | § | |
| | § | 288 JUDICIAL DISTRICT |
| *Defendants.* | § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ken Nguyen and Anh Thu T Pham, (hereinafter referred to as "Plaintiffs"), and files this Original Petition against Defendants, Liberty Insurance Corporation and Matthew Carmen (hereinafter referred to as "Liberty", "Carmen", or collectively as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.      Plaintiffs, Ken Nguyen and Anh Thu T Pham, are individuals domiciled in the State of Texas and owners of property in Bexar County, Texas.

2.      Defendant, Liberty Insurance Corporation, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, Texas 78701-3218, via certified mail, return receipt requested.

1

3.      Defendant, Matthew Carmen is an individual residing in and domiciled in the State of Florida. This defendant may be served via certified mail, return receipt requested at his 6550 June Drive, Cocoa, FL 32926-2326.

## DISCOVERY LEVEL

4.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief of over $100,000, but under $200,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant, Liberty, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant, Matthew Carmen, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

2

## FACTS

9.      Plaintiffs are the owners of a policy of insurance numbered H3729110331740 ("the Policy") issued by Liberty.

10.     Plaintiffs own the insured property located at 7307 Nancy Lopez Ct, San Antonio, Texas (hereinafter referred to as "the Property").   Liberty sold the Policy insuring the Property to Plaintiff.

11.     On or about April 12, 2016, a severe hail storm struck Bexar County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. According to the National Oceanic and Atmospheric Administration the hail measured up to 4.5 inches in diameter and the resulting property damage was estimated to be $1.36 billion dollars. The Storm caused significant damage to the Property's interior, exterior, and roof.

12.     Plaintiffs subsequently submitted a timely claim to Liberty for the damage the Property sustained as a result of the Storm.   Plaintiffs requested that Liberty cover the cost of repairs, including but not limited to, to the roof and interior damage. Liberty acknowledged the claim and assigned it claim number 033590380-01.

13.     Defendant Liberty assigned Defendants Matthew Carmen as the individual adjuster ("Carmen") on the claim.  Carmen was improperly trained and failed to perform a thorough investigation of the claim. He conducted a substandard investigation and inspection of Plaintiff's Property as evidenced by his deficient estimate. For example, Mr. Carmen severely under-scoped and completely ignored obvious interior water damage to the home. Mr. Carmen only allows for deodorization of the saturated living room carpet when it needs to be replaced, and completely omits repairs to the damaged garage from his estimate. Furthermore, Mr.

3

Carmen's estimate only allows for a mere fraction of the required percentage of overhead, profit, and tax.

14.     Liberty and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiffs' claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages.  Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiffs' damages, thereby denying adequate and sufficient payment on Plaintiffs' claim.  As a result of Defendants' unreasonable investigation, Plaintiffs' claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages.  The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16.     As detailed in the paragraphs below, Liberty wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, Liberty continues to delay in the payment for the damages to the Property.  As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant Liberty failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the

4

Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Liberty's conduct constitutes a breach of the insurance contract between Liberty and Plaintiff.

19.    Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

20.    Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

21.    Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.    Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' claim on the Property.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.     Defendant Liberty failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant Liberty failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant Liberty failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiffs' claim was presented to Defendant Liberty, the liability of Liberty to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Liberty has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Liberty's conduct constitutes a breach of the common-law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

30.     Plaintiffs' experience is not an isolated case.  The acts and omissions Liberty committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Liberty with regard to handling these types of claims. Liberty's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

31.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Causes of Action Against Carmen

32.     Liberty assigned Defendant Carmen to adjust this claim. Defendant Carmen was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiffs' damages. Defendant Carmen did not properly assess all damages caused by the Storm

and omitted covered damages from the report including the full extent of damage to the roof. Mr. Carmen refused to fully compensate Plaintiffs for the full amount Plaintiffs are entitled under the Policy. The outcome oriented investigation of Plaintiffs' claim resulted in a biased evaluation of Plaintiffs' damages to the Property and the estimated damages were severely underestimated.

A.      **Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

33.     Defendant Carmen's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34.     Defendants are individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of Liberty, because Defendant Carmen is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.     Defendant Carmen's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered

8

damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received.  Defendants' unfair settlement practices, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060 (a)(1).

36.   Defendant Carmen's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(2)(A).

37.   Defendant Carmen also failed to explain to Plaintiffs the reasons for the offer or offers of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

38.   Defendant Carmen's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a

reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.     Mr. Carmen did not properly inspect the Property and failed to account for and/or undervalued Plaintiffs' roof damage, although reported by Plaintiffs to Liberty.  Defendants unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## II.     Causes of Action Against Liberty

40.     Liberty intentionally breached its contract with Plaintiffs, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A.     Breach of Contract

41.     Liberty breached the contract of insurance it had with Plaintiffs.  Liberty breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

42.     Defendant Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.     Defendant Liberty's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

44.     Defendant Liberty's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Liberty's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

45.     Defendant Liberty's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

46.     Defendant Liberty's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.     Defendant Liberty's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

**C.     Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute**

11

48.     Plaintiffs are entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     Liberty failed to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Liberty failed to notify Plaintiffs in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.     Liberty delayed the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.      Breach of the Duty of Good Faith and Fair Dealing**

52.     Liberty breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiffs' claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.      Knowledge**

53.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

**DAMAGES**

54.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

55.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE § 541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

60.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the

preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

61.     Plaintiffs hereby demand a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

62.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiffs request that each Defendant  disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

63.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

64.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this court site Defendants to appear and answer herein and that Plaintiff have judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiffs be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     /s/ Andrew A. Woellner
        **Andrew A. Woellner**
        SBN: 24060850

14

**Michael J. Bins**
SBN: 24080792
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone (713) 963-8881
Facsimile (713) 583-5388
Emails: awoellner@potts-law.com
**ATTORNEYS FOR PLAINTIFFS**

15

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiffs, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service.  Serve answers to the requests on Plaintiffs by and through his/her attorney of record.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.      "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.      "Any" includes the word "all" and "all" includes the word "any".

3.      The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.      Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.      The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.      "Identify" or give the "identity of" means:

     i.      In the case of a person, to state such person's
       (1)      full name;
       (2)      last known home and business address and home and business telephone number;
       (3)      employer or business affiliation; and
       (4)      occupation and business position held.

16

    ii.    In the case of a <u>document</u>, to state:

        (1)    the identity of the person or persons preparing it and the sender;

        (2)    its title or a description of the general nature of the subject matter;

        (3)    the identity of the addressee(s), if any;

        (4)    its date or dates of preparation;

        (5)    its date or dates and manner of distribution and publication, if any;

        (6)    the location of each copy and the identity of its present custodian;

        (7)    the type of document; and

        (8)    all characteristics by which that document might be distinguished from any other document.

    iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:

        (1)    the identity of the person uttering the oral statement;

        (2)    the place at which such oral statement was uttered;

        (3)    the date on which such oral statement was uttered;

        (4)    the identity of each person in whose presence or hearing such oral statement was uttered; and

        (5)    the substances of the oral statement.

7.    "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.    "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.    "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are

not in the possession, custody or control of Defendant. This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed. If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiffs' Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter. The information need not be admissible and personal knowledge is not required. Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     /s/ Andrew A. Woellner
        **Andrew A. Woellner**
        SBN: 24060850
        **Michael J. Bins**
        SBN: 24080792
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 583-5388
        Emails: awoellner@potts-law.com

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

THE POTTS LAW FIRM, LLP


/s/ Andrew A. Woellner
**Andrew A. Woellner**

19

**INTERROGATORIES TO LIBERTY INSURANCE CORPORATION**

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

   **ANSWER**


2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   **ANSWER**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **ANSWER**

4. State the date Defendant closed Plaintiffs' claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s)

   **ANSWER**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **ANSWER**

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

   **ANSWER**

7. Please identify all documents and information requested from Plaintiff at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiff failed to provide upon Defendant's request.

   **ANSWER**

8. If you contend Plaintiffs' damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

   **ANSWER**

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

   **ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

    **ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

    **ANSWER**

12. State whether Defendant applied depreciation to labor and removal of the roof in the claim made the basis of this lawsuit, identifying the basis for that depreciation and the applicable policy section.

    **ANSWER**

13. State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation.

    **ANSWER**

14. State the Date Defendant first anticipated litigation.

    **ANSWER**

15. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property. If so, identify each item of damage.

    **ANSWER**

21

16. Identify all underwriting reports in Defendant's possession or control for the Property.

**ANSWER**

17. State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

**ANSWER**

18. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a. The activities and work performed from the inception of the representation of Defendant through Present.
    b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiff began by each attorney.

**ANSWER**

19. What is your compensation arrangement with your expert witness in this case?

**ANSWER**

20. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

**ANSWER**

21. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiffs' claim(s)

**ANSWER**

22. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

## REQUEST FOR PRODUCTION TO LIBERTY INSURANCE CORPORATION

1.   The following insurance documents issued for the Properties as identified in the Petition:

   a.   the policy at issue for the date of loss as identified in the Petition; and

   b.   the policy declarations page for the 3 years preceding the storm.

RESPONSE:


2.   Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:


3.   All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:


4.   All documents relating to any real property insurance claims made by Plaintiff at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:


5.   All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:


23

6.      All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

RESPONSE:

7.      All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:

8.      All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.     To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

24

11.    A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:


12.    All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:


13.    All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of Plaintiffs' claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:


14.    If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:


15.    Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.     All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made
        the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting
        documentation.

RESPONSE:


17.     All documents relating to issues of honesty, criminal actions. past criminal record, criminal
        conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary
        action by Defendant of any person(s) or entity(ies) who handled the claim made the basis
        of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this
        Lawsuit.

RESPONSE:


18.     All documents relating to work performance, claims patterns, claims problems,
        commendations, claims trends, claims recognitions, and/or concerns for any person who
        handled the claim made the basis of this Lawsuit.

RESPONSE:


19.     All XactAnalysis reports that include this claim in any way, this Policy, the amount paid
        on this Policy and/or referencing any person who handled the claim made the basis of this
        Lawsuit.

RESPONSE:


20.     Any email or document that transmits, discusses, or analyzes any report produced in
        response to Request for Production No. 19 above.

RESPONSE:


21.     All Simsol Management reports that include this claim in any way, this Policy, the amount
        paid on this Policy and/or referencing any person who handled the claim made the basis of
        this Lawsuit.

RESPONSE:

22. Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:


23. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:


24. Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:


25 All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


26. All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


27. All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:


29.   To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:


30.   If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:


31.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiffs' claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

32.   All claims handling manuals and/or guidelines that were in effect during Lloyd's investigation of Plaintiffs' claim. This request is limited to manuals or guidelines related to wind/hail claims, First Party claims, and/or structural business claims.

RESPONSE:

28

## INTERROGATORIES TO DEFENDANT MATTHEW CARMEN

1.      Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling hail and/or windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

RESPONSE:

2.      Identify generally the training or experience You had in adjusting hail and/or windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

RESPONSE:

3.      Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

RESPONSE:

4.      Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

RESPONSE:

5.      Identify the following dates:

   a.      The date You first obtained an adjuster license in the State of Texas;

   b.      The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

   c.      The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

   d.      The date You closed Your file on the claim made the basis of this Lawsuit; and

RESPONSE:

29

6.  Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

   a.  The name and job title of any person who inspected the Properties with You;

   b.  The date of each inspection;

   c.  The purpose of each inspection;

   d.  The length of time of each inspection;

   e.  The equipment or tools used during each inspection;

   f.  The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

   g.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:


7.  Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person. written communication) with Plaintiff? If yes, provide the following information:

   a.  the date of such communication(s);

   b.  the manner of such communication(s);

   c.  the person to whom You communicated;

   d.  the reason for the communication(s);

   e.  for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

   f.  the general substance of the communication.

RESPONSE:

30

8.     Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiff to such scope notes and/or photographs.

RESPONSE:


9.     For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:


10.    To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:


11.    Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:


12.    How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

RESPONSE:


13.    Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

31

14.     Identify all documents or information You requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the agent and/or employee of Plaintiff who received the request.

RESPONSE:

15.     Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

16.     To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

17.     Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

**REQUESTS FOR PRODUCTION TO DEFENDANT MATTHEW CARMEN**

1.    All documents related to Plaintiffs, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:


2.    All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:


3.    All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:


4.    All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiffs' claim.

RESPONSE:


5.    All resumes for the last 5 years.

RESPONSE:


6.    All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

RESPONSE:

33

7.      All documents You relied upon in the adjustment of the claim made the basis of this
        Lawsuit.

RESPONSE:


8.      To the extent You made a determination or recommendation regarding depreciation, all
        documents relating to the application of depreciation on a commercial property claim in
        the State of Texas for the past 2 years.

RESPONSE:


9.      To the extent You made a determination or recommendation regarding overhead and profit,
        all documents relating to the application of overhead and profit on a commercial property
        claim in the State of Texas for the past 2 years.

RESPONSE:


10.     All documents or items in Your possession related to the claim made the basis of this
        Lawsuit that You did not submit to the insurance company and/or adjusting company
        assigned to this claim.

RESPONSE:


11.     All documents meant to instruct, advise, or guide the handling or adjusting hail and/or
        windstorm claims in the State of Texas for the last 2 years.

RESPONSE:


12.     All training manuals in effect at the time of Plaintiffs' claim used for software programs
        utilized in the claim made the basis of this Lawsuit.

RESPONSE:

13.     All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding Your handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


14.     All documents relating to any Texas Department of Insurance complaints made against You by an insured related to claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


15.     All contracts, indemnity agreements, and/or confidentiality agreements between You and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


16.     All price lists used by You in handling claims arising out of the storm at issue in this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


17.     All weather reports regarding wind and/or hail relied upon by You in handling claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


18.     All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiffs' claim.

RESPONSE:

19.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:

20.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:

21.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiffs' claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

68880

| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| BEXAR HAIL | § | |
| | § | BEXAR COUNTY, TEXAS |
| RESIDENTIAL | § | |
| | § | |
| CLAIM LITIGATION | § | CIVIL JUDICIAL DISTRICT COURTS |

## STANDING PRETRIAL ORDER CONCERNING
## BEXAR COUNTY RESIDENTIAL HAIL CLAIMS

This order applies to pretrial matters in residential property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the residential insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 100 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 60 days of the filing of an answer by the residential insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the residence, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the residential insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the



# 68880

insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 60 day time period. The insurance carrier is also ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same residential insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the residential insurance carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the residential insurance carrier and other defendants may re-inspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

_Michael E. Mery_
Michael Mery, Judge
37th District Court

_Stephani A. Walsh_
Stephani Walsh, Judge
45th District Court

_Antonia Arteaga_
Antonia Arteaga, Judge
57th District Court

_David A. Canales_
David A. Canales, Judge
73rd District Court

# 68880

68880

John D. Gabriel, Jr., Judge
131st District Court

Renée Yanta, Judge
150th District Court

Laura Salinas, Judge
166th District Court

Cathleen Stryker, Judge
224th District Court

Peter Sakai, Judge
225th District Court

Richard Price, Judge
285th District Court

Sol Casseb III, Judge
288th District Court

Karen H. Pozza, Judge
407th District Court

Larry Noll, Judge
408th District Court

Gloria Saldaña, Judge
438th District Court

3

68880

# 68880

## AGREED MEDIATION ORDER

Pursuant to the Standing Pretrial Order Concerning Bexar County Residential Hail Claims, the parties agree to the following mediation date and mediator:

Date: _____

Mediator: _____

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

 1. An attorney of record for each party, unless the party is self-represented.

 2. All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.

 3. A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on _____, 2016.


_____
Judge Presiding


# 68880

11/30/2016 VOL 4625 PG 1815

CERTIFIED MAIL



**DONNA KAY MᶜKINNEY**
BEXAR COUNTY DISTRICT CLERK
PAUL ELIZONDO TOWER
101 W. NUEVA ST., SUITE 217
SAN ANTONIO, TX 78205-3411

*RETURN SERVICE REQUESTED*

7016 0600 0000 4238 5077

U.S. POSTAGE ⟫ PITNEY BOWES

ZIP 78205  $ 008.55⁰
02 4W
0000350844 JUL. 24 2017

LIBERTY INSURANCE CORPORATION
C/O CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN, TX  78701

2017CI13109  7/21/2017  CITCM  LILYANA ESQUIVEL

FILED
8/18/2017 11:18 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

Case 5:17-cv-00821-DAE   Document 1   Filed 08/25/17   Page 53 of 56

## CAUSE NO. 2017CI13109

| | | |
|---|---|---|
| **KEN NGUYEN AND ANH THU T PHAM,** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| | § | |
| **LIBERTY INSURANCE CORPORATION** | § | |
| **AND MATTHEW CARMEN,** | § | |
| **Defendants.** | § | **288TH JUDICIAL DISTRICT** |

## DEFENDANT LIBERTY INSURANCE CORPORATION'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

NOW COMES Defendant Liberty Insurance Corporation and files its Original Answer, and would respectfully show as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

Defendant reserves the right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss.

### III.

Pursuant to Texas Rules of Civil Procedure, Plaintiffs are requested to disclose and serve, within thirty (30) days of service of the Request, the information or material described in Rule 194.2(a) - (l). Plaintiffs shall supplement all disclosures pursuant to TEX. R. CIV. P. 193.5.

**IV.**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By:

David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

*Counsel for Defendant Liberty Insurance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Liberty Insurance Corporation's Original Answer and Request for Disclosures was served by facsimile and/or electronic service on the **18**th day of **August 2017**, upon the following counsel of record:

Andrew A. Woellner
Michael J. Bins
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098

David R. Stephens
Carrie D. Holloway

# Exhibit  B

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **KEN NGUYEN AND ANH THU T PHAM,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Civil Action No.** |
| | § | |
| **LIBERTY INSURANCE CORPORATION** | § | |
| **AND MATTHEW CARMEN,** | § | |
| **Defendants.** | § | |

---

## LIST OF ALL COUNSEL OF RECORD

---

Party                                Attorney(s)

Plaintiffs:
Ken Nguyen                           Andrew A. Woellner
Anh Thu T Pham                       State Bar No. 2406850
                                     Michael J. Bins
                                     State Bar No. 24080792
                                     THE POTTS LAW FIRM, LLP
                                     3737 Buffalo Speedway, Suite 1900
                                     Houston, Texas 77098
                                     Telephone: 713-963-8881
                                     Facsimile: 713-583-5388
                                     awoellner@potts-law.com


Defendant:
Liberty Insurance Corporation        David R. Stephens
                                     State Bar No. 19146100
                                     Carrie Holloway
                                     State Bar No. 24028270
                                     LINDOW STEPHENS TREAT LLP
                                     One Riverwalk Place
                                     700 N. St. Mary's Street, Suite 1700
                                     San Antonio, Texas 78205
                                     Telephone: 210.227.2200
                                     Facsimile: 210.227.4602
                                     dstephens@lstlaw.com
                                     cholloway@lstlaw.com